DIVISION OF TAX APPEALS.

IN THE MATTER OF THE APPEAL OF WALTER P. GARD-NER, TRUSTEE OF THE PROPERTY OF THE CENTRAL RAILROAD COMPANY OF NEW JERSEY, FROM THE ASSESSMENT OF THE FRANCHISE EXCISE TAX MADE BY THE DIRECTOR, DIVISION OF TAXATION, DEPART-MENT OF TAXATION AND FINANCE OF THE STATE OF NEW JERSEY, AGAINST THE CENTRAL RAILROAD COMPANY OF NEW JERSEY FOR THE YEAR 1946.

Decided January 6, 1948.

For Walter P. Gardner, trustee of the property of the Central Railroad Company of New Jersey, *James D. Carpenter.*

For the State of New Jersey, *Walter D. Van Riper,* Attorney-General, and *Benjamin C. Van Tine* and *Benjamin M. Taub.*

CONKLIN, COMMISSIONER. Walter P. Gardner, as the trustee of the Central Railroad Company of New Jersey, appeals from the franchise excise tax as found by the Director of the Division of Taxation of the Department of Taxation and Finance against the Central Railroad Company of New Jersey for the year 1946. The basis of the appeal is the disallowance by the Director of certain deductions claimed by the railroad.

An accurate determination of the railroad's net operating income is a prerequisite in determining the franchise excise tax, as chapter 291 of the laws of 1941 provides in section 14, as amended by chapter 169 of the laws of 1942, *R. S.* 54:29A–14; *N. J. S. A.* 54:29A–14:

"For the purpose of this section, net railway operating income shall be computed as total railway operating revenues from all sources, including any revenue whatever derived directly or indirectly from property which is used for railroad purposes, less costs of railroad maintenance, operation and depreciation, railway tax accruals, uncollectible railway revenues, rentals (both debits and credits) for equipment leased for less than one year or interchanged, and joint facility rents (both debits and credits), and the amount remaining shall constitute the net railway operating income hereinafter mentioned. Deductions from operating revenues for depreciation, additions and betterments, and compensation for personal services shall be subject to regulation by the Commissioner,

as to reasonableness of amount and appropriateness of ac-- counting distribution. Depreciation charges shall in no in-- stance, however, exceed the amount claimed by the railroad for depreciation in its report or reports to the Interstate Commerce Commission and fixed, or if none was claimed then as fixed, by the Interstate Commerce Commission in determining the net railway operating income of the railroad for the year under consideration."

Thus, in computing the franchise excise tax for the year of 1946, the net railway operating income of the year of 1945 was used. This was determined by the Director to be $2,323,265, while the railroad claims it to be $145,394. The difference arises from three items which were deducted in the railroad's report to the Interstate Commerce Commission as tax accruals with that body's authorization, and which report was filed with the Director as a statement of income for 1945. The Director disapproved as deductions for the year 1945 of accruals for interest on delinquent taxes in the sum of $494,349, accruals for 1941 reassessment of taxes in the sum of $1,151,145, and interest accruals on the 1941 assessment in the amount of $532,422; which makes a total of $2,177,916. The railroad holds that by disallowing the tax accruals the Director made an addition and increased the net railway operating income without statutory authority. If the deduc-- tions were allowed, the franchise excise tax of the Central Railroad would be $4,000 and not $422,769 as found by the Director.

In 1945, the Supreme Court held in *Jersey City* v. *State Board of Tax Appeals,* 133 *N. J. L.* 202; 43 *Atl. Rep.* (2d) 799, that the Railroad Tax Law of 1941 (laws of 1941, chap-- ter 291, as amended by *Pamph. L.* 1942, *ch.* 169), was unconstitutional as it applied to taxes due from the railroads to the state for the tax year of 1941. When this occurred, the railroad, to avoid additional interest charges of one per cent a month, filed a petition in the United States District Court and sought authority to make a payment in addition to taxes already paid in the sum of the difference of the original 1941 tax assessment, and prayed that payment was to be without prejudice to recover overpayment to the State of New Jersey.

or receive credit on future state taxes, in the event that the Supreme Court should be overruled and the act be declared constitutional as to the year 1941. In 1946, prior to the assessment by the Director for the franchise excise tax for the year 1946, this case was decided by the Court of Errors and Appeals, and known as *Jersey City* v. *Kelly,* reported in 134 *N. J. L.* 239; 47 *Atl. Rep.* (*2d*) 354. It overruled the Supreme Court and held that the Railway Tax Law of 1941 was constitutional. The amount paid by the railroad of $1,151,145 on its additional 1941 taxes was never due and payable, which was determined by the determination of *Jersey City* v. *Kelly, supra,* and never being due and payable it cannot be claimed as a valid deduction for tax accruals. If it had been finally determined to be due and payable it could have been claimed only as a deduction in the year for which it was paid. *Norton* v. *State Board of Tax Appeals,* 134 *N. J. L.* 57; 45 *Atl. Rep.* (*2d*) 799.

As to all three items, including interest, there is no doubt that the Interstate Commerce Commission specifically authorized the deduction for the year of 1945 of the tax accruals as claimed by the raliroad.

In the opinion filed on November 25th, 1947, in the case of *Delaware, Lackawanna and Western Railroad System,* 26 *N. J. Mis. R.* 19; 55 *Atl. Rep.* (*2d*) 656, in its appeal from the assessment and reassessment of the franchise tax levied against it for the years 1942, 1943, 1944, 1945 and 1946, we discussed in length and in detail as to when railway tax accruals are due and payable, as determined by the Interstate Commerce Commission, and as determined by the Division of Tax Appeals and the courts of New Jersey under our statutes. We came to the conclusion that railway tax accruals shall be allowed for the year in which they are assessed.

To hold that the Director is bound by a report to the Interstate Commerce Commission, and must accept this report as a true statement of the net operating railway income would be to hold that the Director would be bound by any act or change in rules of the Interstate Commerce Commission, even though it would be patent to the Director that he should disallow as a tax accrual the item claimed. With this we

cannot agree for the reasons set forth in *In the Matter of the Appeals of the Delaware, Lackawanna and Western Railroad System et al.,* 24 *N. J. Mis. R.* 205; 47 *Atl. Rep.* (*2d*) 830; *Norton* v. *State Board of Tax Appeals, supra.* Nor can we agree that he is in effect increasing the net railway operating income of the railroad by excepting to deductions claimed, as his action in determining the income is for the purpose of the tax and is peculiarly within his province as a tax official of the State of New Jersey. As stated before, had the decision in *Jersey City* v. *Kelly, supra,* been one wherein the Supreme Court was affirmed and the Railroad Tax Law been declared unconstitutional, then the Director, under *R. S.* 54:29A–25; *N. J. S. A.* 54:29A–25, would have had the duty to reassess. It provides:

"A. Whenever the Commissioner shall determine that any tax or taxes assessed pursuant to this act were less than or in excess of the amount thereof lawfully assessable, he may correct such deficiency or error by re-assessing such tax, or any part thereof."

Apparently it was the intention of the legislature that the Director had the right to scrutinize the return and if it was erroneous, to reassess. This right to examine the return exists at the time it is filed and before the assessment is made. We feel that he acted properly in this case.

The appeal of the Central Railroad for the year 1946 is hereby dismissed.